CONGDON & AYLESWORTH CO. v. SHEEHAN.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. EVIDENCE—BOOKS OF ACCOUNT.
The correctness of account-book entries is not established by the testimony of one who made 80 per cent. of the sales and entries covered thereby, but who does not point out the particular entries made by him, and cannot verify an item embracing about one-third of the account.

2. SAME—DECLARATIONS OF AGENT.
Declarations of an agent who conducted the transactions out of which the account in suit grew, made after such transactions had ceased, are not admissible to prove its correctness.

Appeal from judgment on report of referee.

Action by the Congdon & Aylesworth Company against Patrick Sheehan. From a judgment for plaintiff entered on report of a referee, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Cornelius Hannan, for appellant.
Justin Kellogg, for respondent.

MERWIN, J. The plaintiff, in its complaint, claims to recover of the defendant the sum of $3,127.12, with interest from the 21st of February, 1893, "being a balance of an account for goods, wares, merchandise, and personal property sold and delivered by the plaintiff to the defendant, heretofore, between the 3d day of May, 1892, and the 29th of December, 1892." The judgment recovered is for the full amount.

Upon the trial the plaintiff offered in evidence its books of ac count, consisting of 13 blotters and 5 journals. These were ob-

jected to by the defendant as incompetent and inadmissible, and that the proper foundation for their introduction had not been laid. The objection was overruled, and defendant excepted, and the books were received in evidence. They contained the entries of debit and credit, as contained in plaintiff's bill of particulars, and as found by the referee. It is not now insisted by the respondent that the books of account, as such, were admissible. The plaintiff is a corporation, and not in a position to get the benefit of the rule admitting the books of a merchant who has no clerk. It is, however, claimed that the blotters, wholly or to a large extent, were admissible as memoranda made by the witness Aylesworth, and that his evidence, in connection with such memoranda and the other competent evidence in the case, is sufficient to sustain the judgment. Aylesworth testified that he sold about 80 per cent. of the goods, and himself made the original entries. It is not clear that his evidence was sufficient to make his own entries competent evidence in the case. Russell v. Railroad Co., 17 N. Y. 134, 140. Assume, however, that it was; there were entries to the amount of $1,000 and upward that he could not verify. Nor does he specify the particular entries which he did make.

The business of the defendant, where these goods were sold, was carried on by an agent. The court admitted in evidence, over defendant's objection and exception, a statement or declaration of this agent as to the correctness of the entire account, made by him on the 21st of February, 1893. The last sale claimed by the plaintiff was on the 28th of December, 1892. In January, 1893, the whole stock of goods in the business carried on by the agent was sold out, and the business apparently at an end. This the plaintiff knew, and was in correspondence with the defendant himself, with a view of obtaining an adjustment of the account. The admission of the agent after the stoppage of the business was not, I think, competent against the defendant. 1 Greenl. Ev. § 113. Aside from this admission, the evidence, to say the least, is very meager as to the correctness of that part of the account not covered by the entries of the witness Aylesworth. There was no admission by the defendant himself of its correctness. He was entitled to have it proved, if at all, by competent evidence. He is, I think, entitled to the benefit of his exceptions to the entire admission of the books and to the declarations of the agent. These rulings cannot be well said to have been innocuous.

Judgment reversed, referee discharged, and new trial granted, costs to abide the event. All concur.